## Regulation of Hoists

DAVID C. HARRISON, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, September 18, 1958.—You have asked our opinion whether a hoist mounted on a monorail giving it lateral motion, which raises or lowers miscellaneous material between floors

through an opening in each floor, is a hoist as that term is used in section 1 of the Act of May 2, 1929, P. L. 1518, as reënacted and amended, 35 PS §1341, and subject to the regulations of your Department covering elevators, escalators, dumb-waiters and hoists or whether it is subject to the Regulations for Cranes, Booms and Hoists, promulgated by your Department under the authority of the Act of May 18, 1937, P. L. 654, as amended, 43 PS §§25-1 to 25-15, commonly referred to as the General Safety Law.

As described, this device appears to accomplish two purposes: It moves material from one point to another on the same level, similar to a power driven overhead crane or carrying device; it also raises or lowers this material from one floor to another like any other hoist.

The term "elevator" is defined in section 1 of the act as follows:

" 'Elevator' shall mean all the machinery, construction apparatus, and equipment used in raising and lowering a car, cage or platform vertically *between permanent rails or guides*, and shall include all elevators, dumb-waiters, escalators, gravity elevators, hoists and other lifting or lowering apparatus . . ." [excepting elevators used in coal mines, breakers, washeries and cleaning plants.] (Italics supplied.)

Since the term hoist is not defined by this act, its usage in this section must be limited to lifting devices moving between "permanent rails and guides". On the basis of the information submitted with your inquiry, no such guides appear to be used in connection with these hoists.* Consequently, these devices do not appear

---

* Although the lifting position of these devices, between floors, is limited to one particular spot, over the openings in the floor, such openings do not seem to be guides within the meaning of the act since they cannot keep the lateral swing of hoist's load within the same narrow limits as would rails, on which the load would actually run, or similar restricting guides.

to be guides within the meaning of the Act of 1929 or the regulations issued under its authority.

The General Safety Law is of broader scope and provides safety requirements with respect to numerous types of industrial and construction operations. Provision is made for the issuance of detailed regulations setting more specific standards of operation within the broad outlines of the act.

Section 2(c) of this act, 43 PS §25-2(c), states:

"All cranes, hoists, steam or electric shovels, plant railroads, and other apparatus or devices used for moving, lifting, lowering, and transporting material shall be designed, constructed, equipped, and operated as to eliminate dangerous conditions."

Pursuant to this section, your department has issued Regulations for Cranes, Booms and Hoists, section 2 of which reads in part:

"(k) The term HOIST shall mean an apparatus for raising or lowering the load by the application of a pulling force, and not including a car or platform running in guides."

"(1) The term MONORAIL HOIST shall mean a hoist, with or without an operator's cage, which is suspended on rollers or wheels from an overhead track or rail."

These provisions clearly cover the apparatus about which you inquire.

Therefore, it is our opinion, and you are accordingly advised, that hoists mounted on monorails having both lateral motion and the ability to lift material between floors through openings in each floor are not "hoists" within the meaning of the Elevator Law and cannot be covered by regulations promulgated under the authority of that law. You are further advised that these devices may properly be regulated under the existing regulations for Cranes, Booms and Hoists, promulgated under the authority of the General Safety Law.